

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

September 23, 1949

Hon. James C. Martin
County Attorney
Nueces County
Corpus Christi, Texas

Opinion No. V-911

Re: The authority of the
County Court to con-
fiscate firearms upon
a conviction for un-
lawfully carrying arms.

Dear Mr. Martin:

Your request for an opinion is substantially as follows:

"For years it has been the practice of the County Court of Nueces County, Texas, that when a person is brought before the Court charged with the crime of unlawfully carrying arms under Article 483 of the Penal Code of Texas, the Court in its judgment makes a docket entry to the effect that the weapon involved in the case is confiscated by the Court for disposal as the Court sees fit. We have thus far never had any appeal or difficulty attendant to this practice. But in checking the authority of the County Court to follow such practice, the writer is of the opinion that no such authority exists."

Article 483, V.P.C., is as follows:

"Whoever shall carry on or about his person, saddle, or in his saddle bags any pistol, dirk, dagger, slung-shot, sword cane, spear or knuckles made of any metal or any hard substance, bowie knife, or any other knife manufactured or sold for the purposes of offense or defense, shall be punished by fine not less than $100.00 nor more than $500.00 or by confinement in jail for not less than one month nor more than one year."

Generally speaking, the authority for the forfeiture or confiscation of a weapon must be derived from the general law of the State. In the case of City Council v. Leopard, 39 S.E. 248 (S.C.Sup.1901), it was said:

> ". . . Although we hold that the general assembly of this State has clothed the City Council of Abbeville with power to pass the ordinances for the violation of which the defendant was convicted, yet we hold, at the same time, that it had no power to affix the penalty of a forfeiture of the pistol used by defendant. No such power is conferred by the Constitution. . ."

We have been unable to find any authority in this State for the confiscation of a weapon subsequent to a conviction for the offense of unlawfully carrying arms within the meaning of Article 483, Vernon's Penal Code. The cases cited by you in your brief have been most helpful in arriving at this conclusion.

In the case of Jennings v. State, 5 Tex.Ct. App.298 (1878), the Court declared a portion of Article 6512, Paschal's Digest, which is now Article 483, V.P.C., to be unconstitutional, such unconstitutional provision providing for a forfeiture to the County of the weapon in case of conviction. The Court specifically stated that:

> "We believe that portion of the Act which provides that, in case of conviction, the defendant shall forfeit to the county the weapon or weapons so found on or about his person is not within the scope of legislative authority."

Article 51 of Vernon's Penal Code provides:

> "When a convict is imprisoned in the penitentiary, his property shall be controlled as directed by law; but there shall in no criminal case be a forfeiture of any kind to the State."

In this regard Section 21 of Article I (The Bill of Rights) of the Constitution of Texas, provides:

"No conviction shall work corruption of blood, or forfeiture of estate, and the estates of those who destroy their own lives shall descend or vest as in the case of natural death."

By virtue of the foregoing authorities it is our opinion that the County Court of Nueces County would not be authorized to enter a judgment confiscating the weapon subsequent to a conviction pursuant to Article 483, V.P.C., for unlawfully carrying arms.

### SUMMARY

There is no authority for the county court to confiscate a weapon of a defendant subsequent to a conviction for an offense of unlawfully carrying arms within the meaning of Article 483, V.P.C.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

BW:bh:mw

By  Burnell Waldrep
Assistant

APPROVED

Joe R. Greenhill,
FIRST ASSISTANT
ATTORNEY GENERAL